UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 8 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Jerry E. Robertson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 0860 |
| ) | |
| Commonwealth of Kentucky, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

Plaintiff is a resident of Louisville, Kentucky, suing the Commonwealth of Kentucky. The crux of the complaint is to compel a "verdict" in plaintiff's lawsuit against Kentucky that this Court transferred to the Western District of Kentucky. Compl. at 1; *see Robertson v. Commonwealth of Kentucky*, Civ. Action No. 08-1527 (Transfer Order of September 25, 2008) [Dkt. No. 5]. This Court lacks subject matter jurisdiction to review the decisions (or lack thereof) of another court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). Moreover, assuming that the complaint presents an exception to the Commonwealth's Eleventh Amendment immunity, *see Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.") (citations omitted); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) (recognizing exceptions to state sovereign immunity), this Court determined in the

earlier action that this venue is not proper for litigating plaintiff's claims. The complaint therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: April 28, 2009

United States District Judge